IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| LYSANDER PERRYMAN, | ) |
| Petitioner, | ) ) ) |
| vs. | ) Case No. 2:11-cv-3965-RBP-TMP |
| KATHY DAVIS, and the ATTORNEY GENERAL OF THE STATE OF ALABAMA, | ) ) ) ) ) |
| Respondents. | ) |

## MEMORANDUM OPINION

This cause is before the court on a petition of writ of *habeas corpus*, challenging a 180-day sentence imposed upon a probation revocation by the Municipal Court of Birmingham, Alabama. The petition was filed *pro se* by the petitioner, Lysander Perryman, on November 21, 2011. A magistrate judge entered an order to show cause on December 6, 2011, and respondents filed a response on December 21, 2011. The parties were advised by an order dated January 23, 2012, that the petition was deemed ripe for summary disposition and giving the petitioner twenty days to file a reply to the respondents answer. He did so on January 26, 2012. For the reasons explained below, the court finds that the petition is due to be dismissed.

At the outset, the respondents argue that the petition must be dismissed as unexhausted. The petition and the exhibits annexed to the answer of the respondents show that petitioner pleaded guilty in Birmingham Municipal Court to the misdemeanor offense of possession of drug paraphernalia on August 16, 2011. He was sentenced to 180 days in jail plus a fine, but the custodian portion of the sentence was suspended and he was placed on probation with a condition that he participate in "Drug

Court." (Doc. 4-4). Petitioner's probation was subsequently revoked by the municipal court on October 21, 2011, and petitioner was ordered to serve the 180-day sentence, being released on April 18, 2012. There is no indication that petitioner appealed the revocation of probation or has sought Rule 32 relief on either the original conviction or the revocation.

The petition alleges four claims for relief: (1) during his guilty plea, petitioner was told he would be placed in the "Drug Court" program, but was not told that he would go to jail if he failed a drug test; (2) the municipal judge got angry with petitioner and sentenced him to 180 days in jail, rather than seven days for the urinalysis positive; (3) a police officer unlawfully seized a radio antenna from petitioner, asserting it was drug paraphernalia;[1] and (4) petitioner was not represented by counsel at the hearing "on sentencing."[2] Petitioner did not appeal his conviction or revocation to the Circuit Court of Jefferson County, nor has he filed a state post-conviction Rule 32 petition attacking the alleged errors in his conviction.

Section 2254(b) expressly mandates the following:

> (1) An application for writ of habeas corpus on behalf of a person in custody pursuant to a judgment of a State court shall not be granted unless it appears that —
> 
> (A) the applicant has exhausted the remedies available in the courts of the State; or
> 
> (B)(i) there is an absence of available State corrective process; or
> 
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

---

[1] The court notes that, as a plain Fourth Amendment search-and-seizure claim, Stone v. Powell, 428 U.S. 465, 494, 96 S. Ct. 3037, 3052, 49 L. Ed. 2d 1067 (1976), bars any *habeas* relief when the petitioner had a full and fair opportunity to challenge the legality of the search.

[2] The court assumes that petitioner is referring to the revocation hearing, as the record is clear that he was represented by counsel at the original plea-and-sentencing hearing.

Alabama Rule of Criminal Procedure 32 provides a post-conviction remedy for challenging constitutional defects in convictions and sentences. The petition, however, must be filed in the appropriate state court within one year after the conviction becomes final. Ala. R. Crim. P. 32.2(c). Although more than one year has expired since petitioner's conviction occurred in August 2011, a year has not yet expired from the date of petitioner's probation revocation on October 21, 2011. Thus, insofar as petitioner challenges the validity of his guilty plea or the pre-conviction search, the claims are now procedurally defaulted. His claims (2) and (4), relating to the revocation sentence, for which Rule 32 still remains a remedy until October 21, 2012, are unexhausted. Thus, the instant petition is a "mixed petition," and under Rose v. Lundy, 455 U.S. 509, 102 S. Ct. 1198, 71 L. Ed.2d 379 (1982), the entire petition must be dismissed without prejudice to allow the petitioner to exhaust his state Rule 32 remedy.

By separate order, the court will dismiss the petition without prejudice to allow petitioner the opportunity to exhaust his state Rule 32 remedy.[3]

The Clerk is DIRECTED to mail a copy of the foregoing to the petitioner.

DONE this the 26th day of September, 2012.

_____
ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[3] If petitioner files a timely Rule 32 petition in state court before October 21, 2012, the time during which it is pending in state court will be tolled, allowing him the chance to file a new *habeas* petition in this court once the state proceedings are concluded.